**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

UNITED STATES                                                                        PLAINTIFF

V.                                      Criminal No. 5:18-CR-50043-001

ADAM FLORES                                                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court for consideration is Petitioner Adam Flores' ("Flores") *pro se* Motion for

Compassionate Release. (ECF No. 32). The Government was directed to respond and a response

with objection was filed on February 26, 2026. (ECF No. 39). Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making

a report and recommendation. For the reasons explained below, the undersigned recommends the

Motion be **DENIED** as Flores has not demonstrated entitlement to compassionate release.

### I.   BACKGROUND

Flores was named in a single count Indictment filed on April 17, 2018, in the Western

District of Arkansas, Fayetteville Division. (ECF No. 1). Flores was charged with knowingly being

a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.*)  On

June 28, 2018, Flores appeared before Chief U.S. District Judge Timothy L. Brooks and plead

guilty.  (ECF Nos. 17, 18).  On November 28, 2019, Flores was sentenced to the statutory

maximum term of 120 months imprisonment. (ECF No. 27, 28). A motion for reduction of

sentence filed by Flores in 2024 was denied by Judge Brooks.  (ECF No. 30).

On December 3, 2025, Flores filed this Motion seeking Compassionate Release under 18

U.S.C. § 3582(c)(1)(A), to which the Court now turns its attention. (ECF No. 32).

1

## II.    MR. FLORES' MOTION FOR COMPASSIONATE RELEASE

Flores alleges entitlement to compassionate release, saying that he has completed many rehabilitative programs, that the BOP is not properly applying his First Step Act credits, and that his medical condition (Crohn's disease) establishes extraordinary and compelling reasons to justify his compassionate release. (ECF No. 32).

## III.    UNITED STATES' RESPONSE

The United States applauds Flores' rehabilitative accomplishments but argues Flores' Motion should be denied because Flores' rehabilitation is neither extraordinary nor compelling under the governing standards.  The Government further argues for denial because (1) Flores has not exhausted his administrative remedies with respect to the BOP' s application of First Step Act credits, (2) Flores' medical condition has not deteriorated to the point Flores is unable to provide self-care, and (3) because the factors in 18 U.S.C. § 3553(a) weigh against the granting of any such relief. (ECF No. 39).

## IV.    THE FIRST STEP ACT

Under the First Step Act, a court can modify a term of imprisonment when: (1) the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons ("BOP") to bring a Motion on the defendant's behalf, or a lapse of 30 days from receipt of such a request by the warden of the facility; and (2) there are extraordinary and compelling reasons that warrant such a reduction. 18 U.S.C. § 3582 (C)(1)(A).  The court may modify an imposed term of imprisonment only to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582 (C)(B)(2).

### A. Exhaustion of Administrative Remedies or Lapse of 30 Days from Receipt of Request by the Facility Warden

The First Step Act's exhaustion of all administrative remedies or 30-day lapse from receipt of request requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party raises it." *United States v. Houck*, 2 F. 4th 1082, 1084 (8th Cir. 2021). Therefore, when opposing parties properly raise the petitioner's failure to either exhaust all administrative remedies or wait 30 days before filing a Motion, courts dismiss compassionate release motions without prejudice. *Id*. Here, the United States challenges that Flores has not exhausted his administrative remedies with respect to the BOP's application of his First Step Act credit; the Government represents that documentation from the BOP illustrates Flores only sought a reduced sentence based on his Crohn's disease. (ECF No. 39, p. 6).

### B. Extraordinary and Compelling Reasons

Even if Flores had exhausted his administrative remedies, under the First Step Act, the Court must find Flores' situation serious enough to constitute extraordinary and compelling reasoning for compassionate release. *United States v. Willis*, 2022 WL 1072890, at *1 (W.D. Ark. April 8, 2022). Historically, courts have found sufficient the following situations: (1) a defendant's medical condition such as a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which he is not expected to recover;" (2) the defendant is at least 65 years old or experiencing serious deterioration of mental or physical health due to age and has served at least 10 years or 75 percent of his term of imprisonment; or (3) the defendant's family circumstances include either (i) death or incapacitation of the caregiver of defendant's minor child or children or (ii) death or incapacitation of defendant's spouse or registered partner qualify as extraordinary and compelling reasons for

3

compassionate release. U.S.S.G. § 1B1.13, 18 U.S.C.A. § 3582 (C)(1)(A). As noted above, Flores says he qualifies for compassionate release based on his own medical condition which causes him to often be bed-ridden and upon his recidivism reduction program completions.

1. Medical Condition

From the 187 pages of medical records obtained by the Government and filed under seal, the Court considers Flores' medical condition as well as the degree to which those conditions diminish his ability to provide self-care within the BOP.  A large portion of the medical records are laboratory reports and medication administration records which are not particularly instructive to the undersigned; however, it is clear from records of clinical encounters that Flores periodically presents with symptoms of Crohn's disease to include abdominal pain/discomfort and bloating, food intolerance, bloody stools, weight loss, and constipation (sometimes reporting multiple symptoms) as well as symptoms of reflux.  The undersigned does not, however, see documentation that Flores' condition is so advanced that he cannot provide self-care within his correctional facility. *See United States v. Wilson*, 2021 WL 2012304, at *2 (W.D. Ark. May 20, 2021) (concluding that petitioner suffered from medical conditions but denied relief because his medical records indicated he was "receiv[ing] ongoing treatment for all of these issues.").  Flores' medical records suggest that he has generally received responsive and appropriate treatment while in custody of the BOP, including medications (some of which he chose to decline), diagnostic procedures, nutritional counseling and supplemental nutrition.  Flores' Motion does not describe that he has on-going daily difficulties with self-care.

2. Rehabilitation

The undersigned views positively Flores' completion of RDAP, multiple recidivism reduction programs, rejection of gang participation, and exemplary work record while

4

incarcerated.  Nevertheless, the Court cannot reach the merits of Flores' Motion for a couple of reasons.  First, as noted above, it does not appear Flores has exhausted his administrative remedies with respect to his BOP recidivism PATTERN score (including any request for reassessment) prior to seeking relief from this Court. *See Streker v. Segal,* 2023 WL 5337084, at *1 (D. Minn. June 30, 2023) ("Because [Defendant] has not exhausted [his] administrative remedies [of his FSA time credits claim], the Court recommends [his] petition be dismissed without prejudice."), *recommendation adopted,* 2023 WL 5333811 (D. Minn. Aug. 18, 2023).  The Government suggests that based upon its communication from the BOP, Flores has not exhausted his remedies, and the Court sees nothing to the contrary in the record before it.

Second, even if Flores has exhausted his administrative remedies, district courts cannot exercise jurisdiction over the BOP's classification of an inmate's recidivism risk.  *See Pollock v. Marske*, 2022 WL 1218640 (8th Cir. April 26, 2022) (district courts do not possess jurisdiction over BOP's custody classification).  Regardless of Flores' score, he possesses no constitutionally protected liberty interest in his PATTERN score calculation. *Prince v. Fikes*, 2021 WL 2942311, at *3 (D. Minn. June 16, 2021) (rejecting argument that petitioner is entitled to time credits claimed because federal prisoners have no right to a particular security or custody classification), *recommendation adopted,* 2021 WL 2936656 (D. Minn. July 13, 2021).  If read correctly, Flores is complaining about his recidivism score and/or that the denial of credits is due to his conviction type and/or prior criminal history.  For this, the Court can provide no relief.  The undersigned thus finds that Flores has not established extraordinary and compelling reasoning for his compassionate release.

C. **Section 3553(a) Factors:**

Even if Flores were able to demonstrate extraordinary and compelling reasons for early release, the Court does not believe he is a suitable candidate after considering the factors set forth in Section 3553(a). These factors include "the nature of the circumstances of the offense and the history and characteristics of the defendants" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct [] … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(A)-(B), & (D). Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.

Flores received the statutory maximum sentence for conduct Judge Brooks found aggravating – brandishing the illegally possessed firearm at a law enforcement officer prior to fleeing in a vehicle which reached speeds of 90 mph coupled with the discovery of two additional firearms upon a search of the vehicle. Notably, Flores has a prior federal drug conviction for distribution of methamphetamine and without application of the statutory maximum (120 months), his USSG guideline range provided for a longer sentence (120-150 months). (ECF No. 24). The BOP indicates Flores' release date is December 28, 2026, and the undersigned does not identify any factor of § 3553(a) favoring Flores' release prior to that date.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Flores' Motion for Compassionate Release (ECF No. 32) be **DENIED without prejudice** for the reasons stated herein.

The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of facts. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

RECOMMENDED this 6th day of March 2026.

*Christy Comstock*

**CHRISTY COMSTOCK**
**UNITED STATES MAGISTRATE JUDGE**

7